JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch, Civil Division
LISA A. OLSON (DC Bar No. 384266)
MARTIN M. TOMLINSON (SC Bar No. 76014)
MICHAEL DREZNER (VA Bar No. 83836)
SOPHIE KAISER (NY Bar No. 5239751)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, N.W., Washington, D.C. 20530
Telephone: (202) 514-5633
Email: lisa.olson@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORA PHILLIPS; ERIKA PINHEIRO; and NATHANIEL DENNISON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; MARK MORGAN, in his official capacity as Acting Commissioner of U.S. Customs and Border Protection; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; MATTHEW ALBENCE, in his official capacity as Deputy Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement; FEDERAL BUREAU OF INVESTIGATION; and CHRISTOPHER WRAY, in his official capacity as director of the Federal Bureau of Investigation, | CASE NO. 2:19-CV-6338-SVW-JEM<br><br>**DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR ADDITIONAL DEPOSITIONS AND TRIAL CONTINUANCE**<br><br>Discovery cut-off: Sept. 29, 2020<br>Pre-Trial conf.: Nov. 30, 2020<br>Trial: Dec. 8, 2020 |

1

Defendants.

In accordance with the minute order issued by the Court on November 10, 2020, Defendants file this partial opposition to Plaintiffs' ex parte motion for a continuance of the pretrial conference and trial dates set by the Court. Defendants agree that some reasonable continuance is appropriate and necessary but dispute Plaintiffs' proposed timetable and their attempt to use the additional time to seek discovery they should have taken months ago.

This case presents straightforward questions: whether Defendants investigated Plaintiffs in retaliation for exercising their First Amendment rights and whether Defendants unlawfully detained and questioned Plaintiff Nathaniel Dennison on one occasion in January 2019 when he crossed the border at the San Ysidro port of entry in San Diego. Given the lack of complexity in this case, and in view of the abundant discovery Plaintiffs have already obtained, Plaintiffs' request to take almost double the number of depositions allowed by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 30(a)(2)(A)(i), would be both disproportionate to the needs of the case and redundant, *see* Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C)(i). In addition, Defendants have designated two of the proposed deponents, Jerod Ross and Lea DiSenso, as Fed. R. Civ. P. 30(b)(6) deponents for the FBI and ICE, respectively, so Plaintiffs will have the opportunity to take their depositions in the near future without judicial intervention.

Furthermore, extending the discovery schedule to accommodate Plaintiffs' additional depositions is manifestly unwarranted: setting aside the lack of actual need for these additional depositions, Plaintiffs had notice of most of the proposed deponents since May 2020, long before the September 29 discovery cut-off date agreed to by the Parties, yet Plaintiffs failed to seek leave to depose them until now.

2


Plaintiffs' lack of diligence defeats any attempt to show good cause for extending discovery to allow for these depositions.[1] *See* Fed. R. Civ. P. 16(b)(4).

For these reasons, while Plaintiffs should be allowed to complete their three Rule 30(b)(6) depositions, their ex parte request to extend the discovery schedule to take additional depositions should be denied. In addition, Plaintiffs' request for a trial continuance should be granted to a date that serves the interests of judicial efficiency and economy. *See* Fed. R. Civ. P. 1. The trial date should be extended sufficiently to allow for the filing of motions for summary judgment and a ruling on those motions by the Court before trial preparations commence, given that the granting of summary judgment may obviate the need for a trial.

**1. Plaintiffs' Proposed Depositions Are Disproportionate to the Needs of This Case and Would Be Unreasonably Cumulative and Duplicative**

Plaintiffs will soon complete all the discovery that is warranted in this uncomplicated case. The plain facts of the case concern the circumstances surrounding, and reasons for, alleged delays the three Plaintiffs experienced in attempting to cross the border between the United States and Mexico in early 2019. The legal issues are similarly clear-cut, requiring a determination of whether the routine border inspections conducted by Defendants violated Plaintiffs' First Amendment rights to freedom of speech and association, and Plaintiff Dennison's Fourth Amendment right to be free of unreasonable searches and seizures. In

---

[1] Indeed, Plaintiffs' request to extend discovery is directly at odds with their refusal in July to agree to a continuance for Defendants to produce thousands of pages of documents. *See* ECF Nos. 37, 38, 39. As a result, Defendants marshalled scarce resources during the COVID-19 pandemic to complete document production on an expedited basis by August 10, 2020. Plaintiffs' previous demand for expedited discovery undercuts their current request for a continuance to allow them to exceed the ten deposition limit, *see* Fed. R. Civ. P. 30, and depose individuals they have known about for months.

addition to their initial disclosures, Defendants produced 6523 pages of documents to Plaintiffs and have agreed to schedule ten depositions, including three Fed. R. Civ. P. 30(b)(6) depositions.[2] Given the voluminous discovery Plaintiffs have already received in this uncomplicated matter, their request to take nine more depositions – including two "placeholder" depositions of as yet unknown individuals – is unjustified because the burden and expense of such discovery would far outweigh any likely benefit. *See* Fed. R. Civ. P. 26(b)(1); *Crystal Lakes v. Bath and Body Works, LLC*, No. 2:16-cv-2989, 2018 WL 10467489, at *1-3 (E.D. Cal. Aug. 15, 2018) (denying plaintiff's request to take two depositions beyond the ten deposition limit because the case was not complex, the depositions of other defendant employees had already been taken on those subjects, and further depositions "simply because the deposing party is speculating about a smoking gun" were inappropriate). Nine additional depositions are therefore disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Furthermore, Plaintiffs have already taken enough depositions to elicit any relevant information about this case, and the additional depositions would be unreasonably cumulative and duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs have proposed five new CBP deponents -- but they have already exhaustively deposed five CBP officials, as well as a current and former ICE official,[3] all of whom were knowledgeable about the facts of this case. Especially given the relatively limited

---

[2] The delay in scheduling these three 30(b)(6) depositions is largely the result of the Plaintiffs having provided unduly vague and overbroad 30(b)(6) notices, requiring the Parties to meet and confer to narrow the scope of the topics listed.

[3] Plaintiffs have deposed the following CBP officials: the U.S. Border Patrol Watch Commander (Stephen Crudale), an Operations Officer (Juan Rodriguez), a U.S. Border Patrol Agent (Francisco Santos), a Supervisory Intelligence Research Specialist (Awais Ali Shah), and the Chief Patrol Agent of the Tucson Border Patrol Sector (Roy Villareal). They have also deposed ICE's Assistant Director of Homeland Security Investigations David Shaw and former ICE Special Agent Wesley Petonak.

declaratory and injunctive relief sought in this case, *see* First Amended Complaint Prayer for Relief [ECF 16], Plaintiffs have had ample opportunity to obtain information through the multiple depositions already taken and the documents produced. Any further depositions would be both redundant and excessive. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). And despite this sizeable discovery, there is no evidence that Defendants violated Plaintiffs' First and Fourth Amendment rights. To the extent the purpose of nine additional depositions is to further Plaintiffs' unsupported allegations to the contrary, this is merely a fishing expedition.[4] *See Crystal Lakes*, 2018 WL 10467489, at *2-3.

**2. There is No Good Cause for Extending the Discovery Schedule**

Aside from the fact that additional depositions would be redundant and not proportional to the needs of this case, the necessary "good cause" for extending the discovery schedule is lacking here. *See* Fed. R. Civ. P. 16(b)(4). The "good cause" standard focuses on "the diligence of the [moving] party." *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013) (Brown Jackson, J.). "If the party was not diligent, the inquiry should end." *Id.* at 145.

---

[4] Plaintiffs appear to be searching for evidence of an alleged "secret [government] watchlist" that includes Plaintiffs. *See* Plaintiffs' Memorandum in Support of Ex Parte Application for Additional Depositions and Trial Continuance ("Pl. Memo.") at 1, 6, 8, 11. In all of their months of extensive document and deposition discovery, Plaintiffs have failed to uncover any evidence of such a watchlist – because no such "watchlist" exists. Rather, a single Border Patrol agent tasked with researching individuals potentially associated with an expected mass incursion of migrants at the Mexican border in late 2018 and early 2019 compiled a PowerPoint to present at a staff meeting. *See* Oct. 16, 2020 Deposition of Juan Rodriguez at 129:19-24; 132:14-141:8; 274:2-275:10; 298:3-299:4; 331:10-23. The Power Point has since been mischaracterized as a "watchlist." Further discovery to investigate Plaintiffs' misguided "watchlist" theory is unwarranted.

5

Here, Plaintiffs have been on notice since May 2020 about the testimony the proposed deponents could offer, yet they failed until now to seek an additional nine depositions:

- Plaintiffs were notified on **May 14, 2020,** that proposed deponent Assistant Chief Patrol Agent Del-Villar had "*knowledge regarding the creation* of the Power Point presentation and its use." *See* Pl. Memo. Ex. A, ECF No. 46-2 at 3-4 (emphasis added). It makes no sense for Plaintiffs to claim that this notification did *not* "disclos[e] that [Mr. Del-Villar] directed others to *create* [the Power Point]," *see* Pl. Memo. at 6 (emphasis added), when knowledge regarding its creation would logically encompass how it originated.

- Plaintiffs were notified on **May 20, 2020,** that proposed deponents CBP Officer Tamayo and Supervisory CBP Officer Cline "[p]articipated in the January 2019 interview of Plaintiff Dennison," *see* Pl. Memo. Ex. B, ECF No. 46-2 at 11, yet Plaintiffs delayed until now to contend that these witnesses could offer "critical information" as the officers "who detained and interrogated" Plaintiff Dennison.[5]

- Plaintiffs also learned on **May 20, 2020** that proposed deponent Acting Assistant Chief Patrol Agent Ayayla "has knowledge regarding the creation of the Power Point presentation and its use," *see* Pl. Memo. Ex. B, ECF No. 46-2 at 11, but only now have Plaintiffs sought to depose Agent Ayala on grounds that

---

[5] Plaintiffs state that Defendants "destroyed internal video footage of Mr. Dennison's detention." Pl. Memo. at 6. To be clear, this does not present a spoliation issue. Any video footage of the January 2019 border crossing was erased pursuant to routine CBP practices long before this litigation could have been anticipated. Furthermore, Plaintiffs knew by August 10, 2020, that no video existed, because defendants completed their document production on that date. Hence, the lack of a surveillance video provides no excuse for Plaintiffs' two-and-a half month delay in seeking to depose Officers Cline and Tamayo.

6

he "possesses important information" about the Power Point, *see* Pl. Memo. at 10.

- Plaintiffs seek to depose Jazmin Castillo on the hunch that she "potentially" conducted "intelligence gathering operations" concerning Plaintiffs and "appears" to have created a record concerning Plaintiff Dennison. *See* Pl. Memo. at 8-9. But Defendants have not identified Ms. Castillo in their initial disclosures or otherwise as possessing relevant information about this case, and Plaintiffs are clearly grasping at straws.

If these proposed witnesses are as "critical" as alleged, Plaintiffs should have designated them as deponents months ago. Plaintiffs had ample opportunity to assess their alleged importance and to determine whether to list them among their ten deponents pursuant to Fed. R. Civ. P. 30, or to seek leave to exceed the ten deposition limit. Indeed, Plaintiffs did not notify Defendants of their intention to exceed the ten-deposition limit until October 27, 2019.

In other words, Plaintiffs delayed raising the issue until (1) long after the agreed upon September 29, 2020 discovery cut-off date, *see* Ex. E to Pls. Mot., ECF No. 46-2 at 25; (2) months after Plaintiffs were aware of the identities and roles of the proposed deponents; and (3) more than two months after Plaintiffs received Defendants' document production. *See Presidio Components, Inc. v. American Tech. Ceramics Corp.*, 2009 WL 861733, at *4 (S.D. Cal. 2009) ("[A]s the party requesting more depositions," plaintiffs "should have raised the issue with [defendants] or the Court as soon as [plaintiffs] became aware of the strong likelihood that this case would require more than ten depositions."); *see also* Fed. R. Civ. P. 30(a)(2)(A) (Adv. Committee Notes to 1993 Amendment) ("Consideration should ordinarily be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions."). There is no excuse now for Plaintiffs' eleventh-hour

request, and given Plaintiffs' lack of diligence, there is no good cause to extend the discovery schedule. Plaintiffs' request for additional depositions[6] should therefore be denied.

### 3. The Trial Date Should be Continued

Defendants agree with Plaintiffs that some continuance is appropriate and necessary. Several outstanding discovery matters remain to be resolved. In addition to Plaintiffs' three impending Rule 30(b)(6) depositions, Plaintiffs' recently filed ex parte motion regarding OIG communications,[7] *see* ECF Nos. 53, 54, and 55, must be briefed and decided. The Parties agree that it would not be feasible to resolve these discovery issues, brief summary judgment, prepare for and attend the final pre-trial conference, *see* Local Rule 16.2, file contentions of facts and law, *see* Local Rule 16.4, and prepare for trial by December 8.

However, Plaintiffs' proposed schedule is not reasonable and would result in costly inefficiencies. As an initial matter, contrary to Plaintiffs' assertions, they are actually seeking, not a sixty-day, but rather, a ninety day continuance – until January 1, 2021 – of the existing September 29, 2020 discovery deadline. *See* Ex. F to Pls. Mot., Ex. 46-2 at 31. In addition, plaintiffs' proposal that motions for summary judgment briefing be filed before discovery ends on January 1, *see id.*, would prevent the Parties from using discovery information to support their summary judgment briefs.

---

[6] Under no circumstances should Plaintiffs be permitted to undertake new written discovery or raise belated objections to Defendants' document production which was completed in August.

[7] Plaintiffs' ex parte motion challenges Defendants' assertions of privilege over communications with the Department of Homeland Security's Office of Inspector General ("OIG") pursuant to an active OIG investigation. ECF Nos. 53, 54, and 55. Plaintiffs should not now be permitted to raise objections regarding documents they have had in their possession since August. Their motion is inappropriate and should be denied.

In addition, under Plaintiffs' proposed schedule, the mandatory meeting of counsel prior to the final pretrial conference would be required to occur by December 21 (which is forty days before Plaintiffs' proposed February 1, 2021 final pretrial conference date, as required by Local Rule 16-2).  Because that meeting would take place before the January 1 discovery cut-off and while discovery was therefore ongoing, the Parties would be unable definitively to disclose "all exhibits to be used at trial," L.R. 16-2.3, disclose all information as to trial witnesses, L.R. 16-2.4, and identify deposition transcript excerpts for use at trial, L.R. 16-2.7, as required by the Local Rules.

Finally, Plaintiffs' schedule would require the Parties to prepare for trial, and to engage the Court in pretrial proceedings, while drafting their summary judgment motions.  This scenario could result in a waste of judicial resources because a trial may ultimately be unnecessary.  *See* Fed. R. Civ. P. 1.  The schedule should instead allow time for the parties first to complete the three Rule 30(b)(6) depositions, then to file summary judgment motions, and finally, for the Court to rule on those motions in advance of any trial preparations so as to conserve judicial resources.  Indeed, the issues to be tried might not even become known until the Court rules on summary judgment, given that a partial granting of summary judgment could reduce or alter the issues for trial.  Therefore, in the interests of judicial efficiency and economy, defendants propose the following schedule:

Pre-trial Conference: March 1, 2020

Trial: March 15, 2020

These dates will allow the Parties expeditiously to resolve the issues now before the Court, conduct the 30(b)(6) depositions to which the parties have agreed, and file summary judgment motions in the next few weeks.  Upon resolution of those motions, any issues to be tried will become clear.

**CONCLUSION**

For the foregoing reasons, plaintiffs' ex parte application for additional depositions should be denied, as should any further discovery; and the request for a trial continuance should be granted as respectfully suggested above.

Dated: November 13, 2020                Respectfully submitted,

                                                  JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch, Civil Division

 /s/ Lisa A. Olson
LISA A. OLSON
MARTIN M. TOMLINSON
MICHAEL DREZNER
SOPHIE KAISER
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, N.W., Washington, D.C. 20530
Telephone: (202) 514-5633
Email: lisa.olson@usdoj.gov

*Counsel for Defendants*