BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division
BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch, Civil Division
LISA A. OLSON (DC Bar No. 384266)
MARTIN M. TOMLINSON (SC Bar No. 76014)
MICHAEL DREZNER (VA Bar No. 83836)
SOPHIE KAISER (NY Bar No. 5239751)
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, N.W., Washington, D.C. 20530
Telephone: (202) 307-2092
Email:  sophie.b.kaiser@usdoj.gov
*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

NORA PHILLIPS; ERIKA PINHEIRO; and NATHANIEL DENNISON,

Plaintiffs,

v.

UNITED STATES CUSTOMS AND BORDER PROTECTION; MARK MORGAN, in his official capacity as Acting Commissioner of U.S. Customs and Border Protection; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; TAE D. JOHNSON, in his official capacity as acting director of United States Immigration and Customs Enforcement; FEDERAL BUREAU OF INVESTIGATION; and CHRISTOPHER WRAY, in his official capacity as director of the Federal Bureau of Investigation,

CASE NO. 2:19-CV-6338-SVW-JEM

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Honorable Stephen V. Wilson
**United States District Judge**

Defendants.

Defendants U.S. Customs and Border Protection ("CBP"), U.S. Immigration and Customs Enforcement ("ICE") and Federal Bureau of Investigation ("FBI") (collectively, "Defendants"), through their undersigned attorneys, hereby answers each numbered paragraph of Plaintiffs' Second Amended Complaint (ECF No. 77). Unless specifically admitted, Defendants deny each of the Second Amended Complaint's allegations.

## INTRODUCTION[1]

1.    No answer is required for this paragraph because it contains Plaintiffs' characterization of this lawsuit, argument, and conclusions of law.

2.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3.    Defendants admit only that CBP, ICE and FBI are federal agencies responsible for, among other things, policing the border, enforcing immigration laws, and investigating criminal activity.  The remaining allegations in this paragraph consist of argument and conclusions of law to which no response is required.  To the extent a response is required, deny.

4.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of this paragraph.  The remaining allegations in this paragraph are denied.

5.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph are denied.

---

[1]  To the extent that the headings and non-numbered statements in the Second Amended Complaint contain any averments, Defendants deny each and every such averment.  Defendants' verbatim recitations of Plaintiffs' Second Amendment Complaint headings and subheadings in this Answer are for organizational ease only and should not be construed as admissions.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of this paragraph. Defendants admit that they maintain records describing Plaintiff Dennison's border crossing history, and information provided and discussed in his January 2019 interview.  Defendants deny the remaining allegations in the third, fourth, and fifth sentences of this paragraph.

7.      Denied.

8.      This paragraph characterizes a news article, along with the purported reaction of "civil society organizations," members of Congress, and the DHS inspector general, to which no response is required.  The Court is respectfully referred to the cited news article, and to Plaintiffs' claimed accompanying statements and investigation, for a full and accurate statement of their contents.

9.      No answer is required for this paragraph because it contains Plaintiffs' characterization of this lawsuit, argument, and conclusions of law.  To the extent a response to required, deny.

## JURISDICTION

10.      No answer is required for this paragraph because it contains conclusions of law regarding jurisdiction.

11.      No answer is required for this paragraph because it contains conclusions of law regarding jurisdiction.

## VENUE

12.      No answer is required for this paragraph because it contains conclusions of law regarding venue.

## PARTIES

I.      **Plaintiffs**

    A.      **Nora Phillips**

13.      Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph.

14.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**B.    Erika Pinheiro**

17.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

21.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**C.    Nathaniel Dennison**

22.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of this paragraph. Defendants deny the final sentence of this paragraph.

23.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**II.    <u>Defendants</u>**

24.    Defendants admit that U.S. Customs and Border Protection (CBP) is a component within the Department of Homeland Security (DHS), and that CBP's

4

responsibilities include securing the United States borders in the land, air, and sea environments both at and between ports of entry.  Admit the second sentence.

25.    Admitted.

26.    Admitted.

27.    Defendants deny that Matthew Albence is the Acting Director of ICE and aver that Tae D. Johnson is the Acting Director of ICE.  Defendants admit that the Director of ICE oversees the operation of ICE and its components, including HSI, and deny any characterization inconsistent with the duties of the Director of ICE.

28.    Defendants deny that the FBI "collaborated with CBP and ICE in their investigation and surveillance of Plaintiffs."  The remaining allegations in this paragraph are admitted.

29.    Admitted.

### STATEMENT OF FACTS

**I.    <u>Defendants targeted human rights organizations that provided humanitarian aid and legal counsel to families migrating to the United States for refuge.</u>**

30.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31.    Denied.

32.    The allegations in this paragraph that Defendants "detained," "many" individuals at the border, are unduly vague such that an answer is not required.  To the extent an answer is deemed necessary, denied.

33.    CBP admits that it had an operation dubbed "Operation Secure Line." Defendants otherwise deny the allegations contained in the first sentence of this paragraph.  The remaining allegations in this paragraph characterize a press release, to which no response is required.  The Court is respectfully referred to the cited press

release, which can be found at https://www.cbp.gov/newsroom/speeches-and-statements/statement-commissioner-kevin-mcaleenan-us-customs-and-border, for a full and accurate statement of its contents.

34.     The allegations of the first and third sentences of this paragraph characterize a press release to which no response is required.  The Court is respectfully referred to the cited press release for a full and accurate statement of its contents.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.

35.     Defendants deny the allegations of the first sentence of this paragraph.  The remaining allegations of this paragraph characterize news articles, to which no response is required.  The Court is respectfully referred to the cited publications for a full and accurate statement of their contents.

## II.     Defendants unlawfully collected large troves of personal and First Amendment-protected information on humanitarian and legal workers.

36.     Defendants deny the creation of a "secret database" of 59 individuals, including Plaintiffs.  Defendants aver that CBP created a PowerPoint document which referenced certain individuals, including Plaintiffs.  Defendants deny the allegations of "surveillance and intrusive seizures" in the first sentence.  Defendants admit that certain individuals in the PowerPoint document are United States citizens.

37.     The allegations of this paragraph characterize a news article, to which no response is required.  The Court is respectfully referred to the cited publication for a full and accurate statement of its contents.

38.     Denied.

39.     Defendants admit the PowerPoint document was entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media."  Defendants otherwise deny the allegations of this paragraph.

40.     Defendants deny the allegations in the first sentence.  Defendants CBP and FBI lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.  ICE admits that it maintained the PowerPoint document on an internal SharePoint application that could be accessed only by certain ICE personnel.  Defendants otherwise deny the allegations in this paragraph.

41.     Defendants deny the allegations in this paragraph of a "program of surveillance and intrusive seizures."  Defendants CBP and FBI lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.  ICE admits that David Shaw, Special Agent in Charge of the San Diego office of Homeland Security Investigations ("HSI") sent an e-mail dated December 1, 2018 (the "December 1, 2018 email"), to all of the HSI agents in his area of responsibility.  The remaining allegations of this paragraph characterize that email and a news article, to which no response is required.  The Court is respectfully referred to the December 1, 2018 email and news article for a full and accurate statement of their contents.

42.     Defendants deny the allegations in the first sentence of this paragraph. Defendants admit that the first page of the PowerPoint document contains an emblem with both a Mexican and American flag, as well as "ILU-OASSIS-OMEGA." Defendants admit that notation refers to the International Liaison Unit, a government component that coordinates intelligence sharing between Mexico and the United States, and the Operation Against Smugglers Initiative on Safety and Security. Defendants otherwise deny the allegations in this paragraph.

43.     Admitted.

44.     Denied.

45.     Defendants deny the allegations in the first and fourth sentences in this paragraph.  The allegations in the second and third sentences of this paragraph

characterize the PowerPoint document, to which no response is required.  The Court is respectfully referred to the PowerPoint document for a full and accurate statement of its contents.

46.     The allegations in this paragraph characterize the PowerPoint document, to which no response is required.  The Court is respectfully referred to the PowerPoint document for a full and accurate statement of its contents.

47.     Denied.

48.     Denied.

49.     Defendants deny the allegations in the first sentence of this paragraph. As to the allegations in the second sentence, pertaining to whether certain "agents and employees of Defendants across the United States-Mexico border had access to information in the list," these allegations are unduly vague, such that no answer is required. To the extent a response is required, denied.  Defendants deny the remaining allegations of the third sentence of this paragraph.  The allegations in the fourth sentence of this paragraph characterize the December 1, 2018 email, to which no response is required.  The Court is respectfully referred to the December 1, 2018 email for a full and accurate statement of its contents.

50.     No answer is required for the first sentence of this paragraph because it contains Plaintiffs' characterization of this lawsuit, speculation, and legal conclusions. To the extent a response is required, CBP denies the allegations in the first sentence of the paragraph. CBP admits the existence of CBP Directive No. 2130-021.  The remaining allegations in this paragraph characterize CBP Directive No. 2130-021, to which no response is required.  The Court is respectfully referred to CBP Directive No. 2130-021 for a full and accurate statement of its contents.

**III.   <u>After the secret program's disclosure, Defendants offered shifting justifications for their unlawful surveillance and seizures.</u>**

51.     No answer is required for this paragraph because it contains Plaintiffs'

characterization of this lawsuit and argument.  To the extent a response is required, deny.

52.   This paragraph characterizes a statement from CBP.  The Court is respectfully referred to the cited statement for a full and accurate statement of its contents.

53.   The first sentence of this paragraph characterizes a statement from CBP. The Court is respectfully referred to the cited statement for a full and accurate statement of its contents.  The second sentence, alleging that Defendants maintain "no such suspicion against Plaintiffs" is unduly vague, such that no answer is required. To the extent a response is required, denied.

54.   Defendants admit that the statement from CBP references "varying terrain" and "the threats of smugglers and traffickers."  To the extent this paragraph characterizes a statement from CBP, the Court is respectfully referred to the cited statement for a full and accurate statement of its contents.

55.   This paragraph contains Plaintiffs' characterization of a news report, to which no response is required.  The Court is respectfully referred to the cited news report for a full and accurate statement of its contents.

56.   No answer is required for the first sentence of this paragraph because it contains Plaintiffs' characterization of this lawsuit and argument.  To the extent a response is required, deny.  The second and third sentences of this paragraph contain a news article's characterization of statements made by CBP, to which no response is required.  The Court is respectfully referred to the cited statement for a full and accurate statement of its contents.  The fourth sentence of this paragraph contains Plaintiffs' argumentation and characterization of a news article, which is the best evidence of its contents and to which no response is required.

57.   Denied.

58.   Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph.

59.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

60.    This paragraph characterizes a statement from CBP.  The Court is respectfully referred to the cited statement for a full and accurate statement of its contents.

**IV.    Defendants' surveillance and seizure program violated Plaintiffs' First and Fourth Amendment rights.**

    **A.    Al Otro Lado provides humanitarian assistance and legal services to migrant and deportees in the United States and Mexico.**

61.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

62.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

63.    The allegations in this paragraph characterize a separate lawsuit against DHS, to which no response is required.  The Court is respectfully referred to this lawsuit for a full and accurate statement of its contents.

    **B.    Defendants' suspicionless investigation targeted Plaintiffs Nora Phillips and resulted in her detention and deportation from Mexico.**

64.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

65.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

66.    Defendants admit that Phillips was issued a valid Secure Electronic Network for Travelers Rapid Inspection ("SENTRI") membership card.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

67.    Defendants admit that the SENTRI program is a CBP program that allows expedited clearance for pre-approved, low-risk travelers upon arrival in the United States.  Defendants further admit that participants in the SENTRI program may enter the United States by using dedicated primary lanes into the United States at Southern Land border ports.  Defendants further admit that membership in the SENTRI program is valid for five years, unless revoked; that membership in the SENTRI program may be revoked based upon a criminal conviction, a customs or immigration charge, or a declaration of inadmissibility.  Defendants further admit that the total cost of a SENTRI application and registration of one vehicle is $122.25.

68.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph.  The remaining allegations in this paragraph characterize the PowerPoint document, to which no response is required.  The Court is respectfully referred to the PowerPoint document for a full and accurate statement of its contents

69.    Denied.

70.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

71.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

72.    Defendants admit that Phillips travelled out of the United States on January 31, 2019.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

73.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

74.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

75.    Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph.

76.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

77.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

78.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

79.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

80.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

81.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

82.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

83.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

84.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

85.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

86.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

87.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

88.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

89.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

90.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

91.    Defendants admit that Phillips entered the United States on February 1, 2019.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

92.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

93.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

94.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

95.    Defendants admit that Phillips applied to renew her SENTRI membership on June 3, 2019.  Defendants deny the remaining allegations in this paragraph.  CBP avers that there is currently a 52-week backlog for the review of SENTRI applications.  CBP further avers that it announced in February 2019, well before the filing of this lawsuit, that SENTRI members could continue to use their memberships for up to one year after the expiration.

96.    Defendants admit the allegation in the first sentence of this paragraph that Phillips passed a background check in connection with her original SENTRI application.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

97.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

98.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

99.     Defendants deny the allegation in this paragraph that review of Phillips' SENTRI application was delayed without explanation.  CBP avers that there is currently a 52-week backlog for the review of SENTRI applications.  CBP further avers that it announced in February 2019, well before the filing of this lawsuit, that SENTRI members could continue to use their memberships for up to one year after the expiration.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

100.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**C.     Erika Pinheiro's detention and deportation as a result of Defendants' unlawful targeting of her.**

101.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

102.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph.  Defendants admit that Pinheiro is identified in the PowerPoint document, but otherwise deny the allegations in the second sentence of this paragraph.

103.    Defendants admit that Pinheiro travelled from Mexico to the United States on January 29, 2019.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

104.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

105.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

106.    Defendants deny the allegations contained in the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

107.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

108.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

109.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

110.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

111.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

112.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

113.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

114.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

115.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

116.    Denied.

117.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

118.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

119.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

120.    Defendants deny the allegations of "secret surveillance" in the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to

form a belief about the truth of the remaining allegations in the first sentence of this paragraph.  Defendants admit that Pinheiro has crossed the border between the United States and Mexico more than 40 times since January 29, 2019.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

**D.    Nathaniel Dennison's detention and interrogation by Defendants.**

121.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

122.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

123.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

124.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

125.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

126.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

127.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

128.    Defendants admit that a group of migrants attempted to illegally cross the border between Mexico and the United States on January 1, 2019, leading in some instances to confrontations with federal law enforcement agents.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

129.    Defendants deny that Plaintiff Dennison presented himself for

inspection at a United States port of entry on January 10, 2020.  Defendants aver that Dennison presented himself for inspection at a United States port of entry on January 11, 2020.  Defendants admit that Dennison was interviewed upon his application for entry on January 11, 2020, and that the interview was conducted in the secondary inspection area of the San Ysidro port of entry.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

130.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph.  Defendants admit that the secondary inspection area contains benches and cubicles.  Defendants deny the remaining allegations in this paragraph.

131.  Defendants admit that Plaintiff Dennison was questioned in the secondary inspection area as part of his border inspection.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph, that Plaintiff Dennison was escorted to a different "walled-off area that featured individual desks and chairs."  Defendants deny that Dennison was question by a HSI officer, and aver that Plaintiff Dennison was questioned by CBP officers.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence of this paragraph.  Defendants otherwise deny the allegations in this paragraph.

132.  Defendants deny that questions asked of Plaintiff Dennison were "invasive."  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

133.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

134.  Defendants deny that a CBP officer "forcefully suggest[ed] that Mr. Dennison was an organizer of the caravan."  Defendants admit that Plaintiff Dennison

denied being an organizer of the caravan.

135.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

136.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

137.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

138.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

139.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

140.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

141.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

142.   Defendants admit that Dennison was permitted to enter the United States following his border inspection.  Defendants deny the remaining allegations in the first sentence of the paragraph.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in second and third sentences of this paragraph.

143.   Defendants deny the allegation in the first sentence of this paragraph that Dennison's Mexican visa was confiscated.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

144.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

145.   Defendants   deny   the   allegations   in   the   first   concerning   an

"interrogation" and "joint surveillance operation."  The remaining allegations in the first sentence, that "Defendants distributed news of Mr. Dennison's seizure" is unduly vague, such that no answer is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

146.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

147.   Defendants deny the allegations in this paragraph of a "secret government watchlist" and that Plaintiff Dennison was subject to an "intrusive seizure."  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

148.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## CLAIMS

### First Claim

### Violation of the First Amendment

### (All Plaintiffs Against All Defendants)

149.   Defendants incorporate their responses to paragraphs 1 through 148 as though fully set forth herein.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Denied.

### Second Claim

### Violation of the Fourth Amendment

### (Plaintiff Nathaniel Dennison Against All Defendants)

154.   Defendants incorporate their responses to paragraphs 1 through 153 as

though fully set forth herein.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

**Third Claim**

**Violation of the Privacy Act, 5 U.S.C. § 552a(g)(1)(D)**

**(All Plaintiffs Against All Defendants)**

160.   Defendants incorporate their responses to paragraphs 1 through 159 as though fully set forth herein.

161.   The allegations in this paragraph constitute legal conclusions to which no answer is required.

162.   Defendants admit that Plaintiff Dennison submitted letters to all Defendants concerning certain records purportedly held.   The remainder of the allegations in this paragraph characterize the letters cited by Plaintiff Dennison, and the Court is respectfully referred to the letters for a full and accurate statement of their contents.

163.   Defendants admit that all Defendants responded to Plaintiff Dennison's letters.   FBI admits that Plaintiff Dennison filed an appeal.   CBP and ICE deny that Plaintiff Dennison filed an appeal.   The remaining allegations in this paragraph constitute legal conclusions to which no answer is required.

164.   Defendants deny that Defendants failed to respond to Plaintiff Dennison's letters.   The allegation in the third sentence of this paragraph that the "existence" of certain unspecified "records" somehow "resulted in alerts placed on Mr. Dennison" is unduly vague such that no answer is required; to the extent an answer is required, the allegation is denied.   For all remaining allegations in this

paragraph, they either constitute legal conclusions to which no answer is required or Defendants lack knowledge or information sufficient to form a belief about their truth.

165.   Defendants admit that Plaintiffs Pinheiro and Phillips submitted letters to all Defendants concerning certain records purportedly held.  The remainder of the allegations in this paragraph characterize the letters cited by Plaintiffs Pinheiro and Phillips, and the Court is respectfully referred to the letters for a full and accurate statement of their contents.

166.   Defendants admit that Plaintiffs Pinheiro and Phillips submitted inquiries via the DHS Traveler Redress Inquiry Program ("TRIP").  The remainder of the allegations in this paragraph characterize the DHS TRIP inquiries cited by Plaintiffs, and the Court is respectfully referred to those inquiries for a full and accurate statement of their contents.

167.   Defendants admit that all Defendants responded to Plaintiffs Pinheiro and Phillips's letters.  FBI admits that Plaintiffs Pinheiro and Phillips each filed an appeal.  CBP denies that Plaintiffs Pinheiro and Phillips each filed an appeal.  ICE denies that Plaintiffs Pinheiro and Phillips each filed an appeal.  The remaining allegations in this paragraph constitute legal conclusions to which no answer is required.

168.   The allegations in this paragraph constitute legal conclusions to which no answer is required.

**PRAYER FOR RELIEF**

169.   Defendants admit that Plaintiffs seek certain relief, deny that Plaintiffs are entitled to such relief, and deny the allegations in paragraphs (a) through (h).

**AFFIRMATIVE DEFENSES**

1.   Plaintiffs have failed to state a claim upon which relief may be granted.

2.   Plaintiffs' claims are not justiciable.

3.   Plaintiffs' have suffered no legally cognizable harm.

4.      Plaintiffs' requested relief is impermissibly vague and unenforceable.

5.      Plaintiffs have failed to exhaust administrative remedies.

6.      Defendants' actions were lawful and/or in furtherance of a compelling government interest.

Dated: January 26, 2021                    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch, Civil Division

  /s/ Sophie Kaiser
LISA A. OLSON (DC Bar No. 384266)
MARTIN M. TOMLINSON (SC Bar No. 76014)
MICHAEL DREZNER (VA Bar No. 83836)
SOPHIE KAISER (NY Bar No. 5239751)
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, N.W., Washington, D.C. 20530
Telephone: (202) 307-2092
Email:  sophie.b.kaiser@usdoj.gov
*Counsel for Defendants*