1  BRIAN M. BOYNTON
   Acting Assistant Attorney General
2  Civil Division

3  BRIGHAM J. BOWEN
   Assistant Branch Director
4  LISA OLSON (DC Bar No. 384266)
   MARTIN M. TOMLINSON (SC Bar No. 76014)
5  MICHAEL DREZNER (VA Bar No. 83836)
   SOPHIE KAISER (NY Bar No. 5239751)
6  Trial Attorneys
   Civil Division, Federal Programs Branch
7  United States Department of Justice
   1100 L Street, N.W., Washington, DC 20005
8  Telephone: (202) 307-2092
   Email: sophie.b.kaiser@usdoj.gov
9

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  NORA PHILLIPS; ERIKA              No. 2:19-cv-06338-SVW-JEM
    PINHEIRO, and NATHANIEL
14  DENNISON,                         **EX PARTE APPLICATION TO CLOSE
                                      APRIL 26, 2021 HEARING**
15           Plaintiffs,

16              v.                     ([Proposed] Order Filed Concurrently
                                      Herewith)
17  UNITED STATES CUSTOMS AND
    BORDER PROTECTION; TROY A.        Honorable Stephen V. Wilson
18  MILLER, in his official capacity as   United States District Judge
    Acting Commissioner of U.S. Customs
19  and Border Protection; U.S.
    IMMIGRATION AND CUSTOMS
20  ENFORCEMENT; TAE D.
    JOHNSON, in his official capacity as
21  acting director of United States
    Immigration and Customs Enforcement;
22  FEDERAL BUREAU OF
    INVESTIGATION; and
23  CHRISTOPHER WRAY, in his official
    capacity as director of the Federal Bureau
24  of Investigation,
25
26           Defendants.
27
28

Defendants U.S. Customs and Border Protection, Troy A. Miller, in his official capacity as Acting Commissioner of U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement, Tae D. Johnson, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, Federal Bureau of Investigation, and Christopher Wray, in his official capacity as Director of the Federal Bureau of Investigation, ( "Defendants") apply *ex parte* under Local Rule 7-19 and 79-5.2.2 to request that the upcoming April 26, 2021 hearing at 1:30 p.m. be closed to the public and only open to those individuals identified in paragraph 9 of the Protective Order in this case. *See* ECF No. 41 ¶ 9.

The reasons for this application are set forth in the concurrently filed memorandum of points and authorities and declaration of counsel Sophie Kaiser. No prior request to close the April 26, 2021 hearing has been made by Defendants.

**Urgency:** This order is sought by means of an *ex parte* application because there is not sufficient time to otherwise seek leave to close the April 26, 2021 hearing in advance of that hearing.

**Notice**: On April 19 and April 20, 2021, Defense counsel notified Plaintiffs' counsel by email of Defendants' intent to seek the requested leave. On April 20, 2021, Plaintiffs' counsel responded that they do not consent to the instant application.

**Parties' Contact Information**: Defense counsel provides the following contact information for Plaintiffs' counsel as required by Local Rule 7-19. The physical address of Mohammad K. Tajsar is 1313 West 8th Street, Los Angeles, CA 90017. The phone number and email address for Mohammad K. Tajsar are 213-977-5200 and mtajsar@aclusocal.org. The physical address of Robert Alexander Pilmer is 555 South Flower Street, Suite 3700, Los Angeles, CA 90071. The phone number and email address for Robert Alexander Pilmer, respectively, are 213-680-8400 and alexander.pilmer@kirkland.com.

Dated: April 20, 2021                          Respectfully submitted,

1

1

2    BRIAN M. BOYTON
     Acting Assistant Attorney General
3    Civil Division

4
     BRIGHAM J. BOWEN
5    Assistant Branch Director
     Federal Programs Branch, Civil Division
6

7      /s/ Sophie Kaiser
8    SOPHIE KAISER (NY Bar No. 5239751)
     LISA OLSON (DC Bar No. 384266)
9    MARTIN M. TOMLINSON (SC Bar No. 76014)
     MICHAEL DREZNER (VA Bar No. 83836)
10   Trial Attorneys
     Civil Division, Federal Programs Branch
11   United States Department of Justice
     1100 L Street, N.W., Washington, DC 20005
12   Telephone: (202) 307-2092
     Email: sophie.b.kaiser@usdoj.gov
13

14   *Counsel for Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants U.S. Customs and Border Protection ("CBP"), Troy A. Miller, in his official capacity as Acting Commissioner of U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement ("ICE"), Tae D. Johnson, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, Federal Bureau of Investigation ("FBI"), and Christopher Wray, in his official capacity as Director of the Federal Bureau of Investigation request that the upcoming April 26, 2021 hearing at 1:30 p.m. be closed to the public and only open to those individuals identified in paragraph 9 of the Protective Order in this case. *See* ECF No. 41 ¶ 9. In this matter, Plaintiffs allege that Defendants improperly surveilled, investigated and/or detained them in violation of the First and Fourth Amendments. These actions purportedly took place in 2018-2019, in the context of Defendants' response to the migrant caravan crisis at the southern border of the United States.

On July 23, 2020, the Court entered a Protected Order in this case to protect non-public information including law enforcement sensitive information and personally identifying information. ECF No. 41. On January 5, 2021, Defendants sought *ex parte* leave to file their motion for summary judgment and associated filings under seal. ECF No. 73. Therein, Defendants explained that they intended to rely on deposition transcripts and other documents in their motion for summary judgment which have been designated as protected information under the Protective Order in this case. *Id.* Defendants also explained that certain information that would be quoted and summarized in Defendants' motion contained law enforcement sensitive information, including information about investigative techniques used to ensure border security. *Id.*

On January 7, 2021, the Court granted Defendants' *ex parte* application to file Defendants' forthcoming motion for summary judgment and materials under seal. ECF No. 74. On February 26, 2021, pursuant to the Court's order, Defendants moved for summary judgment in this matter by filing its motion and other materials under seal. *See*

3

ECF Nos. 82, 82-1, 82-2, 82-3, 82-4, 82-5, 82-6, 83-1.  Following conferral with Plaintiffs, Defendants noticed their motion for April 26, 2021 at 1:30 p.m.  ECF No. 82.

On March 29, 2021, Plaintiffs opposed Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d).  *See* ECF Nos. 88, 89.  Plaintiffs' opposition was also filed under seal.  *See id.*  On April 12, 2021, Defendants filed a reply in support of their motion for summary judgment, also filed under seal.  ECF No. 90.

To the extent the Court intends to hold a hearing on April 26, 2021 for Defendants' motion for summary judgment and Plaintiffs' opposition, Defendants request that this hearing should be closed to the public and open only to those individuals identified in paragraph 9 of the Protective Order in this case.  *See* ECF No. 41 ¶ 9.  This will ensure that the Court and the Parties can discuss the merits of this matter and the Parties' filings freely without violating the Protective Order in this case, by disclosing protected information, including law enforcement sensitive information.  Indeed, the Protective Order in this matter permits a request to "close the proceedings" in order to appropriately safeguard protected information.  *See* ECF No. 41 ¶ 14.  Further, it is well-established that hearings may be properly closed in light of certain "rights or interests" such as the "government's interest in inhibiting disclosure of sensitive information." *Waller v. Georgia*, 467 U.S. 39, 45 (1984).

Law enforcement sensitive information and personally identifiable information are frequently subject to protective orders and properly sealed. *See, e.g., Al Otro Lado, Inc. v. Wolf*, No. 3:17-cv-2366-BAS-KSC, 2020 WL 3487823, at *8 (S.D. Cal. June 26, 2020); *Opus Bank v. Liberty Ins. Underwriters, Inc.*, No. 13-cv-469 CJC (JPRx), 2013 WL 12172135, at *1 (C.D. Cal. June 25, 2013).  If the hearing here is not closed to the public, the Parties will be limited in their presentation to the Court, and discussion of pertinent facts will risk running afoul of the governing protective order.  *See* ECF No. 41 ¶ 8 (explaining that "Protected Information . . . shall not be published to the general public in any form . . . except in accordance with the terms of this Order").

Here, safeguarding sensitive law enforcement information militates in favor of granting the instant application. Pursuant to the Protective Order, a large number of documents were produced with protected information or attorneys-eyes only designations. Certain of those documents were attached or referenced in the Parties' summary judgment filings submitted under seal. Defendants intend to work with Plaintiffs to reach agreement on public versions of these filings, which include Defendants' memorandum of law in support of their motion for summary judgment, Plaintiffs' opposition, and Defendants' reply in support of their summary judgment motion. Therefore, granting the instant application will not prejudice the public, who will ultimately have access to redacted versions of all of the Parties' filings.

Defendants contacted Plaintiffs, via counsel, and counsel for Plaintiffs stated that they do not do not agree to Defendants' requested relief. Plaintiffs explained that closing the hearing was unnecessary because, in their view, the hearing will likely concern Plaintiffs' Rule 56(d) request and because the Court would be able avoid disclosure of protected information upon notice by Defendants at the hearing. *See* Declaration of Sophie Kaiser ("Kaiser Decl."), attached hereto, ¶¶ 2-3. To the extent the hearing focuses on Plaintiffs' Rule 56(d) request, Plaintiffs themselves filed their Rule 56(d) opposition under seal and attached exhibits containing protected information under the Parties' Protective Order. *See* ECF No. 89 ¶¶ 29-48 (listing Exhibits attached to Rule 56(d) opposition). Accordingly, even if the parties discuss Plaintiffs' 56(d) opposition primarily, protected information may be relevant in that circumstance. Further, as to Plaintiffs' suggestion that Defendants simply provide notice to the Court regarding protected information at the hearing, Defendants are not in a position to know what information Plaintiffs will discuss, nor is it apparent how the Court could appropriately safeguard protected information that may be relevant at a public hearing.

In the alternative, Defendants respectfully request that the Court cancel the hearing and decide Defendants' motion for summary judgment and Plaintiffs' opposition on the

papers.  Plaintiffs do not agree to this alternative request as well.  *See* Kaiser Decl. ¶¶ 2-3.

In sum, because the Parties' summary judgment filings were filed under seal pursuant to this Court's Order, *see* ECF No. 74, and discuss or summarize non-public protected information subject to the Protective Order in this case, there are compelling reasons to prevent disclosure of such protected information at the Parties' April 26, 2021 hearing by limiting attendance at that hearing only to those individuals identified in paragraph 9 of the Protective Order in this case.  *See* ECF No. 41 ¶ 9.

For the forgoing reasons, Defendants respectfully request that the Court grant this application or enter other appropriate relief to ensure the nondisclosure of protected information.

Dated: April 20, 2021                          Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch, Civil Division

/s/ Sophie Kaiser
LISA OLSON (DC Bar No. 384266)
MARTIN M. TOMLINSON (SC Bar No. 76014)
MICHAEL DREZNER (VA Bar No. 83836)
SOPHIE KAISER (NY Bar No. 5239751)
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, N.W., Washington, DC 20005
Telephone: (202) 307-2092
Email: sophie.b.kaiser@usdoj.gov

6

<u>DECLARATION OF SOPHIE KAISER</u>

I, Sophie Kaiser, declare:

1.  I am a Trial Attorney for the United States Department of Justice Civil Division, Federal Programs Branch.  I am one of the attorneys primarily responsible for representing Defendants in this action.  I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

2.  On Monday, April 19 and 20, 2021, counsel for Defendants advised Plaintiffs' counsel Mohammad Tajsar and Robert Alexander Pilmer by email of Defendants' intent to request the above relief.

3.  On Tuesday, April 20, 2021, counsel for Plaintiffs informed counsel for Defendants that Plaintiffs could not agree to the requested relief at this time because the hearing will likely concern Rule 56(d) and the Court could handle the issue of protected information upon notice by the Government at that time.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 20, 2021, in Redwood City, California.

  _/s/ Sophie Kaiser_____
SOPHIE KAISER